238 A.2d 350.

ROSE D. MASSENZIO *vs.* BOARD OF REVIEW OF DEPARTMENT OF EMPLOYMENT SECURITY.

FEBRUARY 23, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for judicial review of a decision of the board of review of the department of employment security, hereinafter called the "board," terminating the petitioner's rights to weekly benefits from the temporary disability insurance fund established by the provisions of G. L. 1956, §28-39-1, et sequitur. A summary of the pertinent facts and travel of the cause will serve to posit the question of law presented.

In October, 1963, petitioner became incapacitated for work by reason of illness, and filed a claim for weekly benefits in accordance with the provisions of §28-41-15. The claim was allowed by the director of the department of employment security on the certification by petitioner's physi-

cian that she was temporarily disabled for work, and weekly benefits were ordered paid through November 30, 1963. On further certifications by petitioner's physician, benefits were ordered paid through the week ending January 18, 1964, but any further extension was made contingent on the findings of Dr. Joseph C. Johnston, to whom petitioner was referred for an impartial examination in accordance with §28-39-12.

Doctor Johnston examined petitioner on January 20, 1964, and thereafter submitted a report to the director. He stated his findings as to petitioner's then state of health, and concluded with the opinion that petitioner was able to return to her work. The director then terminated further benefits, and within seven days petitioner requested a review of his decision by the board as provided in §28-41-16, as amended. After a hearing thereon, the board sustained the director's decision and petitioner seasonably sought judicial review in the superior court as authorized by §28-41-27. At the hearing in the superior court, petitioner challenged the competency of Dr. Johnston's report. The superior court justice, making it clear that he did not question the competency of the report as evidence, concluded that there was a question as to whether the report had been received and considered by the board in reaching its decision. Pursuant to the provisions of §28-41-29, he remanded the cause to the board "* * * with instructions to hold a further hearing * * * at which the report of Dr. Johnston may be considered by the Board and an opportunity may be given to the petitioner to rebut the matters set forth and the inferences raised by said report by appropriate testimony and/or cross-examination * * * ."

In his order of remand, the superior court justice retained jurisdiction, directing the board to file with the clerk of the superior court such additional or modified findings of fact or conclusions as it might make, together with the transcript of the remand hearing.

The hearing thus ordered was duly held. The report of Dr. Johnston was received in evidence over petitioner's objection and the board affirmed its original decision. The cause was again heard by a superior court justice who denied the petition, and from that judgment petitioner seasonably appealed to this court.

Doctor Johnston did not testify at either the original or remand hearing held by the board. Its acceptance of the doctor's report into evidence and reliance thereon in reaching its decision were premised on the authority of §28-39-15. It provides:

> "The manner in which any disputed claims or any other controversies arising out of the interpretation or application of chapters 39 to 41, inclusive, of this title shall be presented, or the manner in which hearings and appeals are conducted, shall be in accordance with the regulations prescribed, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure. A full and complete record shall be kept of all proceedings in connection with a disputed claim. All testimony at any hearing upon a disputed claim shall be recorded but need not be transcribed unless the disputed claim is further appealed."

Further, the informality of such procedure and the findings of the board based on evidence thus adduced are made binding on the superior court by the provisions of §28-41-29. It provides in pertinent part:

> "The jurisdiction of the reviewing court shall be confined to questions of law, and, in the absence of fraud, the findings of fact by the board of review, if supported by substantial evidence regardless of statutory or common law rules, shall be conclusive. Additional evidence required by the court shall be taken before the board of review, and the board of review, after hearing such additional evidence shall file with the court such additional or modified findings of fact or conclusions as it may make, together with transcripts of the additional record."

At the hearings before the board and in the superior court, petitioner consistently contended that as a contributor to the temporary insurance fund she acquired a property right therein, and any adjudication of that right must be made with due regard to the due process guarantee of the fourteenth article of amendments to the United States constitution. Doctor Johnston not having testified, petitioner argues, his report lacks validity as competent evidence in that it is hearsay, not authenticated, and does not submit to cross-examination. Defective in these regards, petitioner contends that the board's acceptance of and reliance on Dr. Johnston's report constitutes a denial of due process. The superior court justice rejected such contention and correctly so.

The due process to which petitioner is entitled consists of adherence by the board of review to the procedures prescribed by the legislature for the adjudication of her claim. There is no constitutional requirement that the legislature, when prescribing a fact-finding process for an administrative board of review, must cloak the process it adopts with the sophisticated technicalities governing the admissibility of evidence in an adversary proceeding litigated in a court of law. It is sufficient if the prescribed procedure affords a claimant, such as petitioner here, a reasonable opportunity to challenge the correctness of the information on which the director relied. See *Consolidated Edison Co.* v. *Nat'l Labor Relations Bd.*, 305 U. S. 197, 83 L. ed. 126, 59 S. Ct. 206 (1938), *Federal Trade Comm'n* v. *Cement Institute*, 333 U. S. 683, 92 L. ed. 1010, 68 S. Ct. 793 (1948), and 2 Davis Administrative Law, §§14.01-14.17.

Applying this test to the circumstances of the instant petition, we find that petitioner was not precluded from conducting a searching cross-examination of Dr. Johnston if she doubted that the report was his or if she challenged its contents. What she complains about, therefore, is not that

this was denied her, but rather that the legislature has made introduction of an impartial examination report without the calling and swearing in of the doctor, whose report it is, a prima facie case for the director, thus placing on petitioner the obligation to subpoena the doctor if she wishes to question his report. But this shifting of obligation does not work to deprive petitioner of an opportunity to question the doctor. The provisions of §28-39-17 contemplate the subpoenaing of witnesses and provide that the fees of witnesses so subpoenaed shall be paid as part of the costs of administration.

Thus, it is not a burden that is placed on a claimant who, seeking the board's review of the doctor's decision, deems it advisable to question the doctor on whose impartial medical report the director relied, and the petitioner's decision not to take advantage of the administrative procedures available to her cannot thereafter be used to support the contention that she was denied due process. It may be an inconvenience but, as a matter of policy, it was clearly made so in the interest of protecting the fund against undue depletions. If the legislature had provided that the testimony of the department-appointed doctor would be mandatory in every claim reviewed by the board, the cost of such requirement would constitute on the fund a drain which the procedure adopted by the board tends to minimize. The benefits thus inuring to every potential claimant are self-evident.

The appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Aram K. Berberian,* for petitioner.

*Aaron S. Helford,* for respondent.